IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MA YAH II,

           Plaintiff,

vs.

LIVNOW HOMES, LLC,

           Defendant.

**8:25CV121**

**MEMORANDUM AND ORDER**

      This matter is now before the Court on a Motion seeking leave to amend or supplement the complaint[1] (the "Motion to Amend"), Filing No. 14, a motion seeking a preliminary injunction and temporary restraining order and a motion for hearing on that same motion, *see* Filing Nos. 11 and 15, a motion to stay state court proceedings, Filing No. 13, and a motion for emergency stay of county court proceedings, Filing No. 12 (collectively the "Motions Addressing Ongoing State Proceedings"), all filed by Plaintiff Ma Yah II ("Plaintiff"), a non-prisoner. The matter is also before the Court to perform an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).[2]

      For the reasons set forth below, the finds that Plaintiff's Complaint is subject to dismissal, but in lieu of dismissal this Court grants Plaintiff's Motion to Amend at Filing No. 14 and shall allow Plaintiff to amend his Complaint consistent with this Memorandum and Order. The Court will deny the pending

---

[1] The Court notes that while the initial filing in this matter at Filing No. 1 is titled "Petition for Temporary Injunction," as Plaintiff refers to it as a complaint which he seeks to amend, for ease of reference the Court shall refer to it as the Complaint throughout this Memorandum and Order.

[2] Plaintiff was granted leave to proceed in forma pauperis on February 27, 2025. *See* Filing No. 7. Therefore, Plaintiff's Complaint is subject to review by this Court pursuant to 28 U.S.C. § 1915(e).

Motions Addressing Ongoing State Proceedings, Filing Nos. 11–13 and 15, without prejudice to reassertion after an amended complaint has been filed.

As an initial matter, Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* In addition, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the Court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Here, to the extent Plaintiff seeks to amend his complaint seeking a temporary injunction to "include new facts and claims arising from the February 10, 2025, mandate issued by the . . . County Court," *see* Filing No. 14, leave to do so is granted. However, the Court notes that in amending the Complaint, Plaintiff should take note of the following jurisdictional issues when explaining why this Court has jurisdiction over this proceeding, as his Complaint, as pleaded, is subject to dismissal.

In the pending Motions Addressing Ongoing State Proceedings, as well as in the Complaint, it appears Plaintiff asks this Court to take action to stop

eviction proceedings occurring in state court. The jurisdictional question that appears to arise from the Plaintiff's claims *as currently pleaded* involves the applicability of the *Younger* and *Rooker-Feldman* doctrines, which likely preclude this Court from addressing Plaintiff's claims.

In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *See Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996) (citing *Younger*, 401 U.S. at 43–44). There are essentially three issues that must be addressed in determining whether to invoke the *Younger* doctrine, which requires this Court to abstain from intervening in ongoing state court proceedings: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Id.* at 435.

Here, it appears there are eviction proceedings taking place in the state courts which Plaintiff seeks to enjoin and there is little question eviction proceedings address important state interests. *See* Filing No. 1. Plaintiff alleges that the state courts, (1) denied him due process under the Fourteenth Amendment via denying Plaintiff notice and an opportunity to understand the appellate court's decision before enforcing a state court writ, (2) denied him "fundamental fairness" by issuing a Writ of Restitution without allowing Plaintiff to be "informed of the ruling or challenge its execution", and (3) denying Plaintiff due process via enforcing a ruling without meaningful

opportunity for judicial review. Filing No. 1 at 3–4. While it appears to this Court that there is little reason Plaintiff could not raise any due process challenges he may bring here in those same state court proceedings, the Court shall allow Plaintiff to amend to provide such a basis, if any.

Moreover, even if the state court proceedings were not still ongoing and instead had proceeded to judgment, it is unlikely this Court could exercise jurisdiction over this matter under the *Rooker-Feldman* doctrine. *Rooker-Feldman* prohibits lower federal courts from exercising appellate review of state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine generally applies where a case is brought by the losing party in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Ultimately, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted).

*Rooker-Feldman* is, however, a narrow doctrine that does not extend to a case merely "because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon*, 544 U.S. at 293. Only where the alleged injury for which a plaintiff seeks redress stems directly from the state court judgment itself, *rather than from some separate injury caused by the defendant*, does the federal court have no jurisdiction to review. *Skit Intern., Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (emphasis added). Therefore, the crucial inquiry in determining if a claim is so

4

inextricably intertwined with a state judgment that it cannot be heard by a federal court has been explained as hinging upon a determination of "whether the federal plaintiff seeks to set aside a state court judgment or whether he [or she] is, in fact, presenting an independent claim." *Brokaw*, 305 F.3d at 664-65 (citation omitted).

Here, it is almost inevitable that the present action will run afoul of the *Rooker–Feldman* doctrine, if the state court proceedings run to judgment (if they have not already done so). *See Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1040 (N.D. Iowa 2001) (discussing the applicability of the *Rooker-Feldman* doctrine to state eviction proceedings) (citing *Jacobs v. Gear Props.*, 242 F.3d 375, 2001 WL 87440 (8th Cir. Feb. 2, 2001) (table op.); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)). While it is not impossible to circumvent the *Rooker-Feldman* doctrine by, for example, alleging that there was no reasonable opportunity to raise a claim this Court has jurisdiction to address in the challenged state court proceeding, *id.*, Plaintiff should keep in mind if this Court is the proper forum for presenting his claims, and if so, provide facts in support of any such contention.

That leaves the Court with the pending Motions Addressing Ongoing State Proceedings, Filing Nos. 11-13 and 15), all of which request varying forms of preliminary injunctive relief with respect to the ongoing state court proceedings. As such, they require the Court to consider the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013); (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

The Court concedes that the possibility of eviction from his residence might satisfy the requirement of irreparable harm. *See Dataphase*, 640 F.2d at 114 n.9. And the other factors might favor the plaintiff as well. *See id*.

But in deciding whether to grant a preliminary injunction, likelihood of success on the merits is the most significant factor. *Laclede Gas Co. v. St. Charles Cty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). A party seeking injunctive relief need not necessarily show a greater than 50 percent likelihood that it will prevail on the merits. *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 731 (8th Cir. 2008). But the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied. *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

Here, for the reasons explained above, the Court finds a high likelihood of *failure* on the merits, at least on the plaintiff's claims as currently pleaded. There is little likelihood of success on the merits of claims over which the Court lacks jurisdiction, or that the Court should abstain from deciding. Accordingly, the Court will deny the Motions Addressing Ongoing State Proceedings, without prejudice to reassertion premised on an amended complaint that cures the problems explained above.

IT IS THEREFORE ORDERED:

1. Although Plaintiff's Complaint as pleaded is subject to summary dismissal under 28 U.S.C. § 1915(e), in lieu of dismissal Plaintiff's Motion to Amend, Filing No. 14, is granted. Plaintiff shall have until **April 3, 2025**, to file an amended complaint. When amending the Complaint, Plaintiff is advised of the following:

   a. Plaintiff must adequately allege the stage of state court proceedings at issue and/or any judgment to which he seeks review. While Plaintiff need not submit formal briefing on the applicability (or lack thereof) of the *Rooker-Feldman* and *Younger* doctrines, Plaintiff should include facts supporting this Court's jurisdiction in light of those doctrines.

   b. In support of all claims, *Plaintiff should be mindful to provide facts (as opposed to conclusions) which establish what each Defendant did to him, when Defendant(s) did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each Defendant violated.*

  2. Should Plaintiff require further time to comply with this Memorandum and Order he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

  3. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: **April 3, 2025**: check for second amended complaint.

  4. The Motions Addressing Ongoing State Proceedings (Filing Nos. 11, 12, 13, and 15) are denied without prejudice to reassertion after the amended complaint has been filed.

  5. Failure to comply with this Memorandum and Order shall result in the dismissal of this case without further notice.

  Dated this 4th day of March, 2025.

            BY THE COURT:

            *John M. Gerrard*
            John M. Gerrard
            Senior United States District Judge