IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MA YAH II,

                    Plaintiff,                          **8:25CV121**

          vs.

                                                **MEMORANDUM AND ORDER**

LIVNOW HOMES, LLC,

                    Defendant.

This matter is now before the Court on an Amended Complaint filed by non-prisoner Plaintiff Ma Yah, II ("Plaintiff"), Filing No. 22, filed in compliance with this Court's Memorandum and Order of March 5, 2025, granting Plaintiff's motion for leave to amend his complaint and performing an initial review under 28 U.S.C. § 1915(e), Filing No. 21.  In the March 5 Order, Plaintiff was instructed to address the applicability of the *Younger* and *Rooker-Feldman* doctrines which likely precluded this Court from addressing Plaintiff's claims as pleaded.  *Id.*at 3.  Plaintiff was also instructed to amend his pleadings to support all claims, providing facts (as opposed to conclusions) which establish what each Defendant did to him, when Defendant(s) did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each Defendant violated.  *Id.* at 7.

The Amended Complaint is now before this Court to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).  This matter is also before the Court on a motion seeking a preliminary injunction and temporary restraining order and a motion for hearing on that same motion, Filing No. 23, and a motion for emergency preliminary injunction and

temporary restraining order and expedited ruling on the same, Filing No. 24 (the "Injunction Motions"), also filed by Plaintiff.

For the reasons set forth below, the finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and the matter shall be dismissed. In light of the dismissal of the Amended Complaint the Injunction Motions shall be denied as moot.

## I. SUMMARY OF COMPLAINT

Plaintiff brings the following claims against defendants Livnow Homes, LLC ("LH"), Judge Stephanie R. Hansen ("Judge Hansen"), Judge Marcena Hendrix ("Judge Hendrix"), and other unnamed defendants, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983:

1. Fourteenth Amendment due process violations against unstated defendants:

    a. denial of notice and opportunity to understand/challenge the appellate court's decision to punish Plaintiff and "silence him of freedom of speech as a journalist"

    b. dismissal of appeal without briefing or meaningful judicial review as part of a conspiracy to retaliate

    c. denial of meaningful opportunity to be heard

2. First Amendment Retaliation against Judges Hansen and Hendrix for retaliation against Plaintiff personally and as a journalist

    a. Judges Hansen and Hendrix refused to provide Plaintiff with a fair hearing via enforcement of an unreviewed mandate

    b. Judge Hansen has engaged in personal attacks during proceedings including derogatory remarks about Plaintiff's publication and public influence

Filing No. 22 at 1–3.

The subject matter of this case arises from eviction proceedings held in Douglas County Court which took place on September 17, 2024, and a writ of restitution issued against Plaintiff on November 6, 2024. *Id.* at 2. Plaintiff alleges "he filed motions contesting the mandate and seeking a stay of the writ restitution in both County and District Courts," but that his appeal was erroneously dismissed on February 4, 2025, in Douglas County District Court without a hearing being conducted. Plaintiff contends the dismissal of his appeal without hearing was intentional harassment designed to deprive him of his personal property. *Id.*

Plaintiff concludes that Judges Hansen and Hendrix both issued orders on February 10, 2025, "taking Plaintiff's property without any type of procedure hearing" in order to harass and retaliate against Plaintiff for writing articles about them in his publication. *Id.* He argues that the orders were issued quickly, without any type of hearing, to deprive Plaintiff of the ability to contest the orders. *Id.* Plaintiff further contends that Judge Hansen has "demonstrated a [continuing] pattern of dismissing Plaintiff's motions without review, scheduling hearings without notice, and failing to provide written rulings on crucial matters." *Id.*

Plaintiff seeks monetary damages, declaratory, and injunctive relief. *Id.* at 3.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

3

# III. DISCUSSION

Plaintiff, apparently addressing the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), as previously instructed by this Court, argues that "[t]his Court has authority to hear this case as Plaintiff is not seeking to overturn a state court judgment but rather asserting independent claims of constitutional violations." Filing No. 22 at 1. It also appears that Plaintiff's position (although it is not directly addressed in his Amended Complaint), is that *Younger v. Harris*, 401 U.S. 37 (1971), does not apply as the proceedings at issue in this case are no longer ongoing. *See id.* at 1 (admitting that a judgment has been issued in at least one underlying case at issue in the Amended Complaint).[1]

While Plaintiff does not provide enough detail regarding the proceedings at issue in the state courts to determine if this Court has jurisdiction to proceed, ultimately this Court need not make such a finding because Plaintiff's Amended Complaint suffers from a multitude of pleading deficiencies which require its dismissal.

## A. Defendant LH

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Even when a claim is brought pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, Federal Rule of Civil Procedure 8 requires that every

---

[1] It is unclear to this Court from the pleadings what case (or cases) each judicial defendant was involved with and when the judicial decisions at issue were rendered. As this Court finds the Amended Complaint is subject to dismissal for other reasons, this issue shall not be further addressed.

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The allegations must state enough about each claim to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, the federal question Plaintiff asserts arises under Section 1983. As such, Plaintiff is unable to avoid asserting each defendant acted under color of law in order to allege federal question jurisdiction. *See Blomberg v. Schneiderheinz*, 632 F.2d 698, 699 (8th Cir. 1980) (finding that meeting the color of law requirement under Section 1983 was required to invoke federal jurisdiction under 28 U.S.C. § 1331(a)).

Although Plaintiff sues LH under Section 1983, Plaintiff's Amended Complaint contains no allegations that LH is a government actor or acted under the color of law. Therefore, any claims arising under § 1983 against LH fail and require dismissal.

Moreover, the Amended Complaint fails to connect LH to any claims as the Amended Complaint contains no factual allegations from which this Court may reasonably infer that LH violated Plaintiff's rights under the United States Constitution or any federal statutes. While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. J.P. Morgan Chase Bank*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), complaints filed by *pro se* plaintiffs must contain enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, even if LH qualified as acting under color of law, the Amended Complaint wholly fails to connect LH to any claims raised.

As Plaintiff was already given one opportunity to fix his pleading deficiencies and was instructed to provide facts (as opposed to conclusions) which establish what LH did to him and when, as well as how, LH's actions harmed him, and what specific legal rights Plaintiff believes LH violated, *see* Filing No. 21 at 7, but has failed to do so, defendant LH and all claims against it shall be dismissed from this suit.[2]

## B. Defendants Judge Hansen and Judge Hendrix

Plaintiff's claims against Judge Hansen and Judge Hendrix also suffer from pleading deficiencies which could be overcome, but allowing Plaintiff to amend would ultimately be futile as both Judges Hansen and Hendrix are immune from suit and must be dismissed from this action.

Judges Hansen and Hendrix are county officials acting in their capacities as officers of the county court at all times relevant to the claims in the Amended Complaint. Such claims cannot proceed.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time [she] took the challenged action [she] had jurisdiction over the subject matter before [her]." *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). However, as

---

[2] Plaintiff also indicates in the Amended Complaint that there are other defendants yet to be named. To the extent Plaintiff intended to raise claims in the Amended Complaint against these unnamed defendants, the pleadings in relation to these defendants suffer from the same deficiencies as those against LH. There is no indication in the Amended Complaint about who these unnamed defendants are, nevertheless whether any of the unnamed defendants meet the color of law standard required to proceed under Section 1983.

pleaded, all of Plaintiff's allegations against these judicial defendants relate to actions taken by them while in the course of legal proceedings when they had jurisdiction over Plaintiff's case. *See* Filing No. 22 at 2–3 (alleging both judicial officers denying him notice regarding various actions pending before them, denying him hearings, dismissing his appeal, and Judge Hansen's making derogatory comments about Plaintiff and the publication Plaintiff writes for during proceedings before her). As a result, both Judges are absolutely immune from suit here and any claims against them must be dismissed.

Even assuming Plaintiff could sue Judges Hansen and/or Hendrix, Plaintiff's Amended Complaint suffers from a failure to meet basic pleading standards which would require summary dismissal of all claims against them. For example, Plaintiff alleges that Judges Hendrix and Hansen retaliated against him for writing about them in his publication by apparently rendering adverse rulings and acting "swiftly" in addressing his case. Filing No. 22 at 2.

The First Amendment prohibits government officials from retaliating against an individual when the speech or action at issue providing the basis for the alleged retaliation is constitutionally protected. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). In order to prevail on a First Amendment retaliation claim, a plaintiff "must show that [he] engaged in protected activity, that the [defendant's] actions caused an injury to the [plaintiff] that would chill a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." *Small v. McChrystal*, 708 F.3d 997, 1008 (8th Cir. 2013).

Here, it appears Plaintiff alleges that the constitutionally protected activity at issue was his having written about Judges Hansen and Hendrix in a publication, and that entering adverse rulings in court proceedings would chill a person of ordinary firmness from continuing to write about them. While

7

such action could be seen as retaliatory, Plaintiff simply concludes that the adverse rulings against him were done in retaliation for his publications about Judges Hansen and Hendrix but makes no affirmative connection between the two actions. In fact Plaintiff does not even allege Judges Hansen and Hendrix were aware of Plaintiff's writings about them, much less that their judicial actions were motivated by those writings. Such conclusions are not enough to proceed as, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678). Ultimately, the allegations in the Amended Complaint are simply unsupported theories that Judges Hansen and Hendrix ruled against him because he wrote (presumably negative) things about them in a publication. Such is not evidence of retaliation.

As such, even if any claims against Judges Hansen and Hendrix for First Amendment retaliation could proceed, the First Amendment claim against them must be dismissed for failure to state a claim on which relief may be granted.

IT IS THEREFORE ORDERED:

1.    Plaintiff's Amended Complaint, Filing No. 22, is dismissed without prejudice.

2.    Due the dismissal of this action, Plaintiff's motion seeking a preliminary injunction and temporary restraining order and a motion for hearing on that same motion, Filing No. 23, and the motion for emergency preliminary injunction and temporary restraining order and expedited ruling on the same, Filing No. 24, shall be denied as moot.

3.    A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 13th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge